OPINION
{¶ 1} This is an appeal from a judgment of conviction and sentence entered against appellant, Mark Johnson ("appellant"), after a jury found appellant guilty of two counts of felonious assault with a firearm and one count of receiving stolen property. A timely notice of appeal was filed with this court. On January 2, 2003, appellant's attorney, Scott A Wolf, filed an "Anders Brief" pursuant to Anders v. California (1967),388 U.S. 924. In said brief, counsel for appellant indicated that the within appeal was wholly frivolous and said counsel sought to withdraw as counsel for appellant. Counsel for appellant raised "potential assignments of error". As this court indicated by judgment entered June 9, 2003, we reviewed those potential assigned errors and conducted an independent review of the trial court record and found no merit to support any of the "potential assignments of error" raised by counsel for appellant.
 {¶ 2} However, in that same entry, we determined from our independent review that there may be a question as to whether there was sufficient evidence to support appellant's conviction for receiving stolen property. As a result of that finding, we denied counsel for appellant's motion to withdraw and ordered the parties to file briefs on the issue of whether sufficient evidence was established to support a conviction of receiving stolen property. The parties have complied with this court's order.
 {¶ 3} After considering the briefs filed by the parties, and after re-examining the record in this matter, we find there was sufficient evidence to support the conviction against appellant for receiving stolen property. The issue at trial was whether appellant had received, retained, or disposed of stolen property and whether appellant knew or had reasonable cause to know that the property was stolen. See R.C.2913.15.
 {¶ 4} At trial, the State of Ohio called Police Officer Mark Leatherman, of the Delaware Police Department. Officer Leatherman testified that appellant stated the following with respect to a stolen vehicle that was parked across the street from where appellant was living:
 {¶ 5} "He kept telling us that it was his family's car; that he didn't know where his family was; he denied knowing anything about it being stolen. I then inquired, `well, we're going to process it, is there any reason your prints would be in that car?' At that time, he said, `Yea, I've been in the car. My prints would be in there, but I am not the one that took it'. " Trs., Pgs. 242-243.
 {¶ 6} From this evidence alone, we believe reasonable minds could conclude that appellant was aware that the subject vehicle was stolen and that he did receive and/or retain the property. Appellant's admission that he operated the vehicle and that he was not the one that "took it" is sufficient to establish that appellant was aware that the vehicle was stolen and that he had retained possession of it, especially in light of the fact that it was parked across the street from where appellant lived.
 {¶ 7} Again, we have examined the entire record, and find the within appeal to be wholly frivolous. Accordingly, the motion of Attorney Scott A. Wolf to withdraw as counsel in the instant case is hereby granted. The judgment of conviction and sentence entered in the Delaware County Court of Common Pleas is hereby affirmed.