DECISION
{¶ 1} Defendant-appellant Michael Gaynor was an accountant employed by the University of Cincinnati. Gaynor used university credit cards to make unauthorized purchases totaling $13,389.55. As a result, Gaynor was indicted for theft, in violation of R.C.2913.02(A)(2), and misuse of credit cards, in violation of R.C.2913.21(B)(2). Both offenses were felonies of the fourth degree. Following Gaynor's pleas of no contest, the trial court found him guilty of both offenses and sentenced him to concurrent seventeen-month prison terms.
 {¶ 2} Gaynor now appeals. In a single assignment of error, Gaynor argues that the trial court erred by imposing a prison sentence that was not supported by the record. Gaynor contends that the trial court's imposition of a prison term, as well as its imposition of a nonminimum prison term, was contrary to law.
 Right to Appeal and Standard of Review {¶ 3} If a trial court specifies at sentencing one of the enumerated imprisonment factors under R.C. 2929.13(B)(1), an offender convicted of a felony of the fourth or fifth degree may not appeal his or her sentence as a matter of right, except upon the ground that the sentence is contrary to law.[1] If the trial court makes the required findings, a reviewing court may modify or vacate the sentence only if it clearly and convincingly finds that the record does not support the findings or that the sentence is otherwise contrary to law.[2] In this case, the trial court specified that it had found one of the imprisonment factors under R.C. 2929.13(B)(1) to be present. Therefore, we may not modify or vacate the sentence unless we clearly and convincingly find that the sentence is contrary to law because the record fails to support the trial court's findings under R.C.2929.13(B).[3]
 Imposition of a Prison Term {¶ 4} A trial court must impose a prison term upon an offender convicted of a fourth- or fifth-degree felony if the court makes one of the enumerated findings in R.C. 2929.13(B)(1), finds that a prison term is consistent with the sentencing principles and purposes set forth in R.C. 2929.11 and 2929.12, and finds that the offender is not amenable to a community-control sanction.[4] Even if the court does not make one of the enumerated findings in R.C. 2929.13(B)(1), it may still impose a prison sentence when it finds that "consistent with the purposes and principles of sentencing, an offender is not amenable to community control."[5]
 {¶ 5} In this case, the trial court determined that the imprisonment factor in R.C. 2929.13(B)(1)(d) applied, namely that Gaynor held a public office or position of trust, and that the offense related to his office or position. The court also determined that a prison term was consistent with the sentencing purposes and principles set forth in R.C. 2929.11, as well as with the seriousness and recidivism factors set forth in R.C.2929.12. The court further concluded that Gaynor was not amenable to a community-control sanction, and it accordingly sentenced him to prison.
 {¶ 6} Gaynor does not challenge the trial court's finding that he held a public office or position of trust, and that his offenses related to that office or position, pursuant to R.C.2929.13(B)(1)(d). Because Gaynor was an accountant who had abused his position of trust at a public university, certainly the trial court's finding regarding the applicability of the sentencing factor in R.C. 2929.13(B)(1)(d) was proper.[6]
 {¶ 7} But Gaynor does challenge the trial court's conclusion that he was not amenable to community control. Initially, we note that R.C. 2929.13(B) does not require that the trial court give reasons for its finding that an offender is not amenable to community control. But the statute's "requirement of a `finding' is still not satisfied unless the trial court (1) notes that it engaged in the required analysis and (2) selects one of the statutory criteria."[7] To make its determination that imprisonment is consistent with the purposes and principles of sentencing, the court must consider the seriousness and recidivism factors under R.C. 2929.12 and any other relevant factors.[8]
 {¶ 8} In this case, the trial court specifically found, under the seriousness and recidivism factors in R.C. 2929.12, that Gaynor's offenses related to his public office or position of trust, that his relationship with the university had facilitated the offenses, and that he had demonstrated no genuine remorse for the offenses.[9] It is clear from the record that the trial court engaged in the proper analysis and further specified its findings as required by R.C. 2929.13(B) before imposing the prison terms.
 Imposition of a Nonminimum Prison Term {¶ 9} Gaynor further argues that the trial court erred by imposing a prison term for each offense that exceeded the minimum term for a fourth-degree felony. In order to impose a nonminimum sentence on a first offender like Gaynor, the trial court must find at the sentencing hearing that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime.[10] A trial court is not required to give its reasons for those findings before it imposes a nonminimum sentence.[11] In this case, the trial court found that the shortest prison term would demean the seriousness of Gaynor's conduct. Gaynor contends that the record does not support that finding.
 {¶ 10} The record demonstrates that, at the outset of the case, as early as October 8, 2002, Gaynor had agreed to make full restitution to the university by using funds from his pension. Then the case was continued several times. On December 20, 2002, Gaynor proffered a check for $6,000 to the university as partial payment of the restitution owed. The court noted at the time that Gaynor had made the restitution payment and stated, "And I think under the guidelines [Gaynor] probably would be eligible for probation, if he pays." The court did not know at the time whether Gaynor had a criminal history.
 {¶ 11} On January 15, 2003, Gaynor entered pleas of no contest to the charges. The trial court explained to Gaynor that he could be sentenced to prison for eighteen months for each offense or to community control for five years, and Gaynor indicated that he understood the possible penalties.
 {¶ 12} At that time, a representative from the university informed the court that Gaynor's $6,000 restitution check had been presented for payment on two occasions but had not been honored by the bank. Gaynor's attorney indicated that Gaynor was experiencing financial difficulty. The court warned Gaynor that he faced three years in prison and that Gaynor should clear up the problem with the bounced check by the date of sentencing, "[b]ecause if you make them whole, that helps out a lot."
 {¶ 13} The trial court accepted Gaynor's pleas of no contest and found him guilty of both charges. The court told Gaynor that he should pay the restitution by the sentencing date. Gaynor acknowledged that he had received $53,000 from his pension and told the court that he had been using the money for his living expenses. The court gave Gaynor additional time to make full restitution and ordered a presentence-investigation report.
 {¶ 14} By the date of sentencing on March 28, 2003, Gaynor had paid only $6,000 in restitution. His attorney indicated to the court that Gaynor could probably pay the balance within a few months. A university police detective informed the court that Gaynor had not been cooperative during the police investigation.
 {¶ 15} The presentence-investigation report revealed that Gaynor had only a prior misdemeanor drug-abuse conviction and several convictions for traffic offenses. The report included a statement from Gaynor that he had used three of the university's credit cards for various personal reasons, including the purchase of clothing and a sound system, as well as for payment for a hotel room where he had smoked crack cocaine.
 {¶ 16} The court noted that Gaynor had indicated from the outset of the case that he would pay full restitution, but had failed to do so. The court remarked that Gaynor had spent his pension money rather than using it to pay restitution as he had agreed. The court reminded Gaynor that he could have been charged with a felony when he passed a bad check to the university for restitution.
 {¶ 17} The court noted that Gaynor had demonstrated no remorse for his actions, and that Gaynor had been in a position of trust. The court stated also that, had Gaynor made restitution in full, the court may have sentenced him to community control or to a shorter prison term. The court indicated that it would consider releasing Gaynor from prison after a few months if Gaynor were to pay the remaining balance.
 {¶ 18} Even if Gaynor's failure to pay full restitution had entered into the court's consideration of a nonminimum sentence, we note that the record still supports the court's imposition of the prison terms in this case. The trial court was in a better position to evaluate Gaynor's demeanor and to determine whether he would be amenable to a community-control sanction.[12]
In this case, the court noted that Gaynor had demonstrated no genuine remorse for the offenses, which is considered an indicator that an offender is likely to commit future crimes.[13] Moreover, the court had an opportunity to evaluate the seriousness of Gaynor's crimes and to determine whether a community-control sanction would be commensurate with and not demeaning of the seriousness of Gaynor's conduct.[14]
 {¶ 19} Following our review of the record, we cannot say that the trial court's findings supporting its imposition of a nonminimum prison term were not supported by clear and convincing evidence or that they were contrary to law.[15]
Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Gorman and Sundermann, JJ., concur.
[1] R.C. 2953.08(A).
[2] R.C. 2953.08(G)(2).
[3] See R.C. 2953.08(G)(2); State v. Condon,152 Ohio App.3d 629, 2003-Ohio-2335, 789 N.E.2d 696, at ¶ 97.
[4] R.C. 2929.13(B)(2)(a).
[5] State v. Brown, 146 Ohio App.3d 654, 2001-Ohio-4266,767 N.E.2d 1192; State v. Brewer (Nov. 24, 2000), 1st Dist. No. C-000148.
[6] See Brewer, supra.
[7] Brewer, supra, citing State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131.
[8] R.C. 2929.12(A).
[9] See R.C. 2929.12(B)(3) and (6); R.C. 2929.12(D)(5).
[10] R.C. 2929.14(B)(2); State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473, paragraph two of the syllabus.
[11] State v. Edmonson, supra, syllabus.
[12] See State v. Jones, 93 Ohio St.3d 391, 2001-Ohio-1341,754 N.E.2d 1252.
[13] R.C. 2929.12(D)(5).
[14] See R.C. 2929.11(B) and 2929.13(B).
[15] R.C. 2953.08(G).