JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Following a bench trial, defendant-appellant, Eric Vaske, was convicted of receiving stolen property pursuant to R.C. 2913.51(A). He now appeals that conviction, presenting two assignments of error for review. We affirm the finding of guilt, but vacate the sentence imposed.
In his first assignment of error, Vaske contends that the evidence was insufficient to support his conviction. Our review of the record shows that the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a reasonable trier of fact that Vaske had received, retained or disposed of an automobile belonging to the victims, knowing or having reasonable cause to believe that the vehicle had been obtained through the commission of a theft offense. Therefore, the evidence was sufficient to support his conviction for receiving stolen property. See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492; State v. Johnson, 5th Dist. No. 02CAA08040, 2003-Ohio-6139. Vaske argues that the state's witnesses were not credible, but matters as to the credibility of witnesses were for the trier of fact to decide.State v. Bryan, 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433.
He also argues that his conviction wais against the manifest weight of the evidence. After reviewing the record, we cannot hold that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse Vaske's conviction and order a new trial. Therefore, his conviction was not against the manifest weight of the evidence. State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541; State v. Allen (1990), 69 Ohio App.3d 366,590 N.E.2d 1272; State v. Hayes, 6th Dist. Nos. L-03-1221 and L-03-1222,2004-Ohio-6460. We overrule Vaske's first assignment of error.
In his second assignment of error, Vaske contends that he was improperly sentenced. Vaske was convicted of a fourth-degree felony and received a sentence of twelve months. A prison term imposed for a fourth-degree felony must be between six and eighteen months. R.C.2929.14(A)(4). Thus, the sentence in this case was in the appropriate statutory range. We note that because Vaske did not receive the maximum sentence and he had previously served a prison term, our decisions inState v. Montgomery, 159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250, and State v. Bruce, 159 Ohio App.3d 562, 2005-Ohio-373, 824 N.E.2d 609, do not apply.
The court made the appropriate findings to justify the imposition of a prison term for a fourth-degree felony, including that Vaske was serving or had previously served a prison term at the time of the offense and that he had committed the offense while under a community-control sanction, while on probation, or while released from custody. R.C.2929.13(B)(1); State v. Gaynor, 1st Dist. No. C-030279, 2004-Ohio-1912. Those findings were supported by competent, credible evidence and were not contrary to law. See R.C. 2953.08(G); State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131; Gaynor, supra.
Nevertheless, the record shows that the trial court failed to verbally inform Vaske at the sentencing hearing that he could be subject to post-release control and about the ramifications of violating a condition of post-release control, as required by R.C. 2929.19(B)(3). See Woods v.Telb, 89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103; State v. Brown,
1st Dist. Nos. C-020162, C-020163 and C-020164, 2002-Ohio-5983. Consequently, we must vacate the sentence imposed by the trial court and remand the case for resentencing. In all other respects, we affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.