The STATE of Ohio, Appellee,

v.

BRUCE, Appellant.

[Cite as *State v. Bruce*, 159 Ohio App.3d 562, 2005-Ohio-373.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040421.

Decided Feb. 4, 2005.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

Elizabeth E. Agar and R. Scott Croswell, for appellant.

Per Curiam.

{¶ 1} Defendant-appellant Jeffrey Bruce appeals his conviction of voluntary manslaughter. Because we conclude that one of his assignments of error has merit, we affirm the judgment of the trial court subject to a modification in Bruce's sentence.

{¶ 2} On November 25, 2003, Bruce was indicted for the murder of his wife, Kathryn. On April 15, 2004, Bruce pleaded guilty to voluntary manslaughter in

violation of R.C. 2903.03. The trial court sentenced Bruce to ten years, which was the maximum sentence allowed under state law.

{¶ 3} In his first assignment of error, Bruce contends that, under the United States Supreme Court's decision in *Blakely v. Washington,*[1] the trial court erred in imposing the maximum sentence of ten years, because the finding that Bruce had committed the "worst form[ ] of the offense"[2] was made by the trial court and was not based on findings by a jury or admissions by Bruce. We agree.

{¶ 4} In *Apprendi v. New Jersey,*[3] the United States Supreme Court applied the Sixth Amendment right to a jury trial to a state criminal-sentencing procedure. The court invalidated the imposition of two additional years of imprisonment beyond the statutory maximum when it was based on a judicial finding that the crime was racially motivated.[4] The court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[5]

{¶ 5} In *Blakely,* decided in 2004, the court clarified what constituted the "prescribed statutory maximum sentence." The court held that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*"[6]

{¶ 6} After the *Blakely* decision, this court and the Ohio Sentencing Commission speculated that *Apprendi* and *Blakely* did not materially affect the Ohio sentencing scheme.[7] Unlike the sentencing guidelines in the state of Washington and the federal criminal system, Ohio's scheme does not permit a sentencing

---

1. *Blakely v. Washington* (2004), —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403.

2. R.C. 2929.14(C).

3. *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.

4. Id.

5. Id. at 490, 120 S.Ct. 2348, 147 L.Ed.2d 435.

6. (Emphasis sic.) Id., —— U.S. ——, 120 S.Ct. at 2537, 147 L.Ed.2d 435.

7. See *State v. Bell,* 1st Dist. No. C–030726, 2004-Ohio-3621, 2004 WL 1531904; see, also, *State v. Eckstein,* 1st Dist. No. C–030139, 2004-Ohio-5059, 2004 WL 2244828; *State v. Rose,* 1st Dist. No. C–040092, 2004-Ohio-7000, 2004 WL 2973982; *State v. Monford,* 1st Dist. No. C–030606, 2004-Ohio-5616, 2004 WL 2367985. See, also, Diroll & Anderson, Judicial Decision Making After *Blakely,* Ohio Criminal Sentencing Commission (Oct. 5, 2004).

court to deviate from a prescribed range of sentences for any felony. Thus, the term "statutory maximum" was believed to be synonymous with "statutory range," or the range of years of imprisonment set by the General Assembly for each felony punishment. Since a sentencing court cannot exceed "the statutory range authorized by law," the consensus then was that the Sixth Amendment was not implicated by Ohio's sentencing statutes.[8]

{¶ 7} The statutory range for a first-degree felony is three to ten years.[9] Under our previous reasoning, the sentencing court would have discretion to impose the longest sentence within that range as long as it made the factual finding that the defendant was an offender who had committed the "worst form[ ]" of the offense or posed the greatest likelihood of recidivism. The sentencing statutes "vest the exclusive responsibility to make th[is] determination[ ] in the court and not in a jury."[11] Unlike the additional findings made by the sentencing courts in *Apprendi* or *Blakely*, we reasoned, the finding that a defendant had committed the worst form of the offense did not increase the sentence beyond the statutory range.

{¶ 8} In light of the recent decision of the United States Supreme Court in *United States v. Booker*,[12] it is clear that this interpretation was wrong. In *Booker*, the court reexamined its analysis in *Apprendi* and its progeny and held that "we reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."[13] The prescribed statutory maximum sentence is not "the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings."[14]

{¶ 9} The holding, as reaffirmed in *Booker*, applies to all cases on direct review or not yet final.[15] Accordingly, the *Blakely* definition of "prescribed maximum sentence" applies to this case. Here, the trial court imposed a

---

8. *State v. Rose,* supra note 7, at ¶ 48. See, also, *State v. Bell,* supra note 7, at ¶ 42, and *State v. Monford,* supra note 7, at ¶ 18.

9. See R.C. 2929.14(A)(1).

11. *State ex rel. Mason v. Griffin,* 104 Ohio St.3d 279, 2004-Ohio-6384, 819 N.E.2d 644, at ¶ 16.

12. (2005), —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621.

13. Id., —— U.S. ——, 125 S.Ct. at 756, 160 L.Ed.2d 621.

14. (Emphasis sic.) *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. at 2537, 159 L.Ed.2d 403.

15. *United States v. Booker,* —— U.S. ——, 125 S.Ct. at 769, 160 L.Ed.2d 621.

sentence upon Bruce that was within the statutory range authorized by the Ohio General Assembly for first-degree felonies. But the maximum sentence the trial court could impose without additional facts proved to a jury or admitted to by Bruce was nine years, not ten.[16] The additional fact necessary to impose the tenth year of imprisonment—that Bruce was among those offenders "who [had] committed the worst forms of the offense"[17]—was found by the trial court at the sentencing hearing, after Bruce's plea had been accepted.[18] Therefore, the Sixth Amendment prohibited the imposition of the longest term of imprisonment. R.C. 2929.14(A)(1) and 2929.14(C) are unconstitutional to the extent that they permit a sentencing court to impose a sentence exceeding the maximum term authorized by the facts admitted by the defendant or proved to a jury beyond a reasonable doubt.

{¶ 10} The Ohio Supreme Court has recently held that if a court "determined that *Blakely* might render * * * statutes unconstitutional, [it] should apply the pertinent sentencing statutes without any enhancement provisions found to be unconstitutional."[19] As the sentence imposed on Bruce is contrary to law, this court is authorized to modify and reduce the sentence imposed.[20] Accordingly, Bruce's first assignment of error is sustained, and we hereby modify his sentence to nine years' incarceration.

{¶ 11} Bruce's second assignment of error is that the trial court erred by imposing the maximum sentence, because the record did not support the sentence. Given our conclusion that the maximum sentence was improper under *Blakely*, this assignment of error is moot.

{¶ 12} In his final assignment of error, Bruce asserts that he was denied the effective assistance of counsel. Bruce argues that his trial counsel was ineffective because he mistakenly told the trial court that Bruce was not eligible for community control and because he repeatedly conceded that the court should impose more than the minimum sentence. To prevail on this assignment of error, Bruce must demonstrate that his counsel's performance was deficient and that absent his counsel's error, the sentencing result would have been different.[21] Our

16. *Blakely,* —— U.S. ——, 124 S.Ct. at 2537, 159 L.Ed.2d 403.

17. R.C. 2929.14(C).

18. R.C. 2929.14(C); see, also, R.C. 2929.19(B)(2).

19. *State ex rel. Mason v. Griffin,* supra note 11, at ¶ 17.

20. See R.C. 2953.08(G)(2)(b).

21. See *State v. Bradley* (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373; *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.

review of counsel's performance must be "highly deferential." [22]

{¶ 13} Prior to accepting Bruce's guilty plea, the trial court asked if the offense was probationable. His trial counsel incorrectly responded, "I do not believe it's probational [sic]." Bruce argues that his counsel's mistaken impression that he was not eligible for community control led his counsel not to argue against the statutory presumption of incarceration.[23] Although Bruce was eligible for community control, we cannot say that the result would have been different had his counsel not misspoken. In view of the trial court's findings that supported the maximum sentence, it is unlikely that the trial court would have sentenced Bruce to community control in any event.

{¶ 14} During the sentencing hearing, Bruce's counsel conceded that he did not expect the trial court to sentence Bruce to the minimum term of three years. For this reason, Bruce contends that his counsel could not effectively argue for the statutory presumption in favor of minimum sentences.[24] It appears from the transcript that counsel's strategy was to persuade the trial court to sentence Bruce to less than the maximum sentence. We decline to second-guess counsel's strategy, and we conclude that the result would not have been different had he argued for a minimum sentence. The third assignment of error is not well taken.

{¶ 15} The judgment of the trial court is hereby affirmed, with the modification of Bruce's sentence to a term of nine years.

Judgment affirmed as modified.

HILDEBRANDT, P.J., GORMAN and SUNDERMANN, JJ., concur.

---

22. *Strickland,* supra note 21, 466 U.S. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674.

23. R.C. 2929.13(D).

24. R.C. 2929.14(B).