JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Anthony Wightman, appeals the judgment of the Hamilton County Municipal Court convicting him of telecommunications harassment under R.C. 2917.21, a misdemeanor of the first degree.
Wightman entered a no-contest plea to a complaint alleging that he had "made several calls to the victim making numerous obscene, and racial slurrs [sic]." At the sentencing hearing, Wightman admitted that had been upset with the victim, who was his former employer, about an unpaid commission check. Wightman had made a number of harassing telephone calls to the victim. He had also given the victim's telephone number to his friend, Tom Kilgore, and Kilgore had made a number of harassing and threatening calls as well.
The trial court sentenced Wightman to 180 days' confinement in jail. The court suspended ninety days and ordered that sixty days be served on electronic monitoring, and that thirty days be served in jail.
In a single assignment of error, Wightman now argues that the trial court erred in sentencing him to thirty days' incarceration. Although Wightman focuses on the amount of actual jail time he was ordered to serve, he also contends that the trial court erred in imposing the maximum sentence of 180 days. For the sake of discussion, we accept the proposition that the 180-day sentence represented the maximum term, even though ninety days were suspended.
In imposing a sentence in a misdemeanor case, the trial court must consider the factors set forth in R.C. 2929.22. Those factors include the nature and circumstances of the offense, the offender's history of criminal conduct, and the likelihood that the offender will commit crimes in the future. A court may impose the longest jail term "only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime."[1]
When a misdemeanor sentence is within the statutory limits, the trial court is presumed to have considered the required factors, absent a showing to the contrary by the defendant.[2] A misdemeanor sentence will not be reversed absent a showing that the trial court abused its discretion.[3] An abuse of discretion means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.[4]
Wightman first argues that the court's imposition of the maximum sentence was unconstitutional. This court recently held, in the context of a felony case, that R.C. 2929.14(A) and 2929.14(C) are unconstitutional to the extent that they permit a sentencing court to impose a sentence exceeding the maximum term authorized by the facts admitted by the defendant or proved to a jury beyond a reasonable doubt.[5] Thus, we held that a trial court cannot impose the maximum sentence allowed under state law based upon its own finding that the defendant has committed the worst form of the offense or poses the greatest likelihood to commit future crimes.[6]
The case at bar is distinguishable from Bruce. In a misdemeanor case, the trial court is not required to make specific findings before imposing the maximum sentence. The factors permitting the maximum must merely be reflected in the record.
Wightman, in entering a no-contest plea, admitted the facts alleged in the complaint, and he admitted related misconduct at the sentencing hearing. Wightman's acts of making numerous harassing telephone calls that included obscenities and racial slurs, and of encouraging Kilgore to make harassing calls, merited the imposition of the maximum sentence. We find no constitutional defect in the trial court's sentence.
And while Wightman argues that the trial court considered various impermissible factors in arriving at the thirty-day sentence, we find no merit in his argument. The conduct that Wightman admitted to in his plea and at the sentencing hearing fully justified the imposition of the thirty days, regardless of the allegedly improper considerations that Wightman cites.
Wightman also argues that the thirty-day sentence was improper in light of Kilgore having received probation for his conviction. This argument is without merit. The sentence that Kilgore received is not reflected in the record, other than through counsel's comments. In any event, Wightman's role in hatching the plan to harass his former employer justified a harsher punishment. We find no abuse of discretion in the trial court's sentence, and the assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Hendon, JJ.
[1] R.C. 2929.22(C).
[2] State v. Beachy, 9th Dist. No. 02CA0020, 2003-Ohio-1285, at ¶ 9.
[3] Id. at ¶ 4.
[4] State v. Adams (1980), 62 Ohio St.3d 151, 157, 404 N.E.2d 144.
[5] State v. Bruce, 1st Dist. No. C-040421, 2005-Ohio-373, at ¶ 9, citing United States v. Booker (2005), ___ U.S. ___, 125 S.Ct. 738 andBlakely v. Washington (2005), ___ U.S. ___, 124 S.Ct. 2531.
[6] Id. at ¶ 7-8.