JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Latonya Woods, appeals the judgment of the Hamilton County Court of Common Pleas sentencing her to a twelve-month term of imprisonment for possession of cocaine under R.C. 2925.11(A), a felony of the fifth degree. She was convicted of the offense after entering a guilty plea.
In her sole assignment of error, Woods now argues that the trial court erred in imposing the maximum term of imprisonment.
This court recently held that R.C. 2929.14(A) and 2929.14(C) are unconstitutional to the extent that they permit a sentencing court to impose a sentence exceeding the maximum term authorized by the facts admitted by the defendant or proved to a jury beyond a reasonable doubt.[1] Thus, we held that a trial court cannot impose the maximum sentence allowed under state law based upon its own finding that the defendant has committed the worst form of the offense or poses the greatest likelihood to commit future crimes.[2]
In the case at bar, the basis for the trial court's imposition of the maximum prison term was its finding that Woods posed the greatest likelihood of recidivism under R.C. 2929.14(C). Pursuant to our holding in Bruce, the imposition of the twelve-month term was constitutionally impermissible. The assignment of error is sustained.
This court is authorized to modify the trial court's sentence,[3] and we hereby modify Woods's sentence to eleven months' incarceration.
The judgment of the trial court is affirmed as modified.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Hendon, JJ.
[1] State v. Bruce, 1st Dist. No. C-040421, 2005-Ohio-373, at ¶ 9, citing United States v. Booker (2005), ___ U.S. ___, 125 S.Ct. 738, andBlakely v. Washington (2005), ___ U.S. ___, 124 S.Ct. 2531.
[2] Id. at ¶ 7-8.
[3] Id. at ¶ 10; R.C. 2953.08(G)(2)(b).