JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Following the entry of a guilty plea, defendant-appellant Ronald Peoples was convicted of carrying a concealed weapon, a fourth-degree felony, and having a weapon under a disability, a fifth-degree felony. The trial court imposed community-control sanctions, which Peoples violated. The court then imposed maximum, consecutive prison terms for the charged offenses. Peoples now appeals the imposition of his sentences, bringing forth one assignment of error.
In his single assignment of error, Peoples contends that the trial court's imposition of maximum, consecutive sentences violated his Sixth Amendment right to a trial by jury. Relying on Blakely v. Washington,[1]
Peoples argues that Ohio's sentencing scheme is unconstitutional because the findings necessary to support maximum, consecutive sentences were neither admitted by him nor found by a jury.
Blakely stands for the proposition that, under the Sixth Amendment, "other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[2] Under Blakely, the maximum sentence that a court may impose must be based solely on the facts reflected in the jury verdict or admitted by the defendant.[3] InUnited States v. Booker,[4] the United States Supreme Court reaffirmedBlakely, noting that a defendant has the "right to have the jury find the existence of `any particular fact' that the law makes essential to his punishment."[5]
Under Ohio's sentencing scheme, a trial court must find that a defendant, other than a repeat violent offender or a major drug offender, either committed the worst form of the offense or poses the greatest likelihood of committing future crime before imposing a maximum sentence.[6] Peoples argues that his maximum sentences for the charged offenses were unconstitutional because the finding that he posed the greatest likelihood of reoffending was not admitted by him or reflected in the jury's verdict. We disagree.
In State v. Bruce,[7] we held that the trial court's imposition of the maximum sentence allowed under state law violated Blakely because it was based on a fact not found by the jury or admitted to by the defendant.[8] There, the trial court made the finding that Bruce had committed "the worst form" of the offense after Bruce had entered his guilty plea.
Peoples argues that his sentence also violates Blakely because the trial court made the additional finding that he had the greatest likelihood of re-offending after he after he had entered his guilty plea. Ordinarily, because the sentencing court made an additional finding to enhance the sentence after Peoples had entered his guilty plea, Peoples's sentence would violate Blakely. But Blakely allows the "fact" of a prior conviction to support an enhanced sentence.[9] Because the trial court based its finding that Peoples had the greatest likelihood of reoffending on his extensive criminal felony and misdemeanor record, the finding fell under the "prior conviction" exception set forth in theBlakely line of jurisprudence.[10] Accordingly, the imposition of maximum sentences here did not violate the Sixth Amendment.
With respect to the imposition of consecutive sentences, this court has previously held that Blakely does not affect R.C. 2929.14(E)(4), the statute governing consecutive sentences.[11] A review of the record demonstrates that the trial court made the required findings and gave supporting reasons for those findings on the record at the sentencing hearing.[12] Accordingly, the imposition of consecutive sentences here was proper.
In sum, we hold that the imposition of maximum, consecutive sentences in this case did not violate the Sixth Amendment. Accordingly, the single assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Sundermann, JJ.
[1] (2004), ___ U.S. ___, 124 S.Ct. 2531.
[2] Id. at 2536.
[3] Id. at 2537.
[4] (2005), ___ U.S. ___, 125 S.Ct. 738.
[5] Id., citing Blakely, supra, at ___, 124 S.Ct. 2531.
[6] See R.C. 2929.14(C).
[7] 1st Dist. No. C-040421, 2005-Ohio-373.
[8] Id. at ¶ 9.
[9] Blakely, supra, at 2536; see, also, State v. Trubee, 3rd Dist. No. 9-03-65, 2005-Ohio-552, at ¶¶ 39-42.
[10] We have recognized this exception in State v. Montgomery (Mar. 11, 2005), 1st Dist. No. C-040190.
[11] Montgomery, supra, at ¶ 17.
[12] R.C. 2929.19(B)(2)(d); State v. Edmondson, 86 Ohio St.3d 324,1999-Ohio-110, 715 N.E.2d 131; State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473.