JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Reamer C. Bell, appeals from the judgment of conviction resentencing him to the same seven-year prison term that the trial court had originally imposed before his successful appeal to this court in State v. Bell (July 9, 2004), 1st Dist. No. C-030726. In his two assignments of error, Bell challenges his newly imposed sentence as (1) contrary to law, and (2) based upon sentencing factors which, as determined by the trial court, violated the Sixth Amendment of the United States Constitution.
In his first assignment of error, Bell argues that the trial court's findings regarding his criminal record, unsuccessful prior probations, lack of genuine remorse, and whether his crime was among the "worst forms" of the offense, are not supported by the record. Because we previously reversed and vacated Bell's original sentence for the sole reason that the trial court failed to inform him of his post-release-control rights, as required by R.C. 2929.19(B)(3), we have not previously addressed these issues.
A jury found Bell guilty of burglary, a second-degree felony, in violation of R.C. 2911.12(A)(2). Pursuant to R.C. 2929.14(A)(2), imposition of a prison term within the statutory two-to-eight-year range in R.C. 2929.14(A)(2) was presumed. Bell offered nothing to rebut the presumption. Further, using the "likely recidivism" factors in R.C.2929.12(D)(2) and (D)(3) to determine the length of the prison term, the trial court commented on Bell's history of criminal convictions and his unsuccessful parole, concluding that he had not been satisfactorily rehabilitated.
The trial court's findings are supported by the record and were all that was necessary for it to impose a seven-year prison term. At Bell's original sentencing hearing on September 23, 2003, the prosecutor informed the trial court of Bell's 1997 imprisonment for burglary, a 1992 prison term in which he violated his parole, and other convictions. Bell did not dispute his history of criminal convictions at either the original sentencing hearing or the resentencing hearing. The trial court, assessing Bell's criminal past, described him as a "career criminal."
Bell also argues that during resentencing the trial court neglected to inform him of the specific prison term that could be imposed if he violated post-release control. We disagree. The transcript shows that the trial court advised Bell that his sentence could be extended for a length of up to one-half of his original prison term for violations of prison rules while incarcerated or for a violation after leaving prison. The court further advised him that he would be supervised after leaving prison, pursuant to R.C. 2967.28, and that he was not to ingest or be injected with a drug of abuse and would be submitted to random drug testing. The trial court fully complied with R.C. 2929.19(B)(3)(b), (c), (d), and (e). See also State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864, and State v. Finger, 104 Ohio St.3d 157, 2004-Ohio-6390,818 N.E.2d 171.
Finally, relying on Blakely v. Washington (2004), 542 U.S. ___,124 S.Ct. 2531, Bell argues that his sentence is unconstitutional because the trial court engaged in improper judicial fact-finding. Because the trial court did not impose a maximum sentence and because Bell is not eligible for the shortest prison term under R.C. 292914(B), having previously served a prison term, Blakely has no application to the sentence imposed by the trial court. See State v. Montgomery (Mar. 11, 2005), 1st Dist. No. C-040190; State v. Bruce, 1st Dist. No. C-040421,2005-Ohio-373.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.