JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
In 2003, defendant-appellant Robert Krois pleaded guilty to one count of theft, a fourth-degree felony, and three counts of forgery, fifth-degree felonies. The trial court placed Krois on community control. When Krois violated his community control, the trial court imposed a one-year prison term for each of the four charged offenses. The trial court then ordered the sentences be served consecutively, for an aggregate four-year prison term.
In State v. Krois,[1] affirmed the trial court's judgment convicting Krois of violating his community control, but vacated his sentence because the trial court had not made the statutorily required findings necessary to impose consecutive sentences. On remand, the trial court again sentenced Krois to a one-year prison term for each of the charged offenses and ordered that the terms be served consecutively. Krois again appeals, bringing forth two assignments of error.
In his first assignment of error, Krois maintains that the imposition of consecutive sentences was contrary to law. We are unpersuaded.
To impose consecutive sentences for multiple offenses, the trial court must find that the terms are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."[2] The court must also find one of the following: (1) when the offender committed the offenses, he was awaiting trial or sentencing or was under post-release control; (2) the harm caused was so great or unusual that no single prison term would adequately reflect the offender's conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.[3] A trial court imposing consecutive sentences must make the required findings and specify on the record its reasons supporting those findings.[4]
Here, the trial court made all the required findings and supported those findings with reasons articulated at the sentencing hearing. The trial court found that consecutive sentences were necessary to punish Krois because of his criminal history and that they were not disproportionate to his conduct and to the danger he posed to the public, because Krois's relationship to the elderly, disabled victim had facilitated the offenses. The court also found that consecutive sentences were necessary to protect the public from future crime by Krois because of his criminal history. The court then stated on the record Krois's previous convictions, which included theft, falsification, assault, domestic violence, and aggravated telephone harassment. Because the court made all the findings necessary to support the imposition of consecutive sentences and provided reasons for those findings on the record, we overrule the first assignment of error.
In his second assignment of error, briefed at the request of this court, Krois contends that, under the United States Supreme Court's decision in Blakely v. Washington,[5] the trial court erred by imposing the maximum prison term for each charged offense when the additional facts necessary to impose that term were not found by a jury or admitted by the defendant. Instead, Krois argues, because he had not previously served a prison term, he should have only received the minimum sentence allowed under state law.
Under the Blakely line of jurisprudence, any fact that is essential to an offender's punishment must be submitted to a jury and proved beyond a reasonable doubt or admitted by the defendant.[6] In State v. Bruce,[7]
we evaluated R.C. 2929.14(C) under Blakely and held that a sentencing court cannot impose the maximum sentence allowed under state law based upon its own finding that the defendant has committed the worst form of the offense or poses the greatest likelihood of committing future crimes.[8] Likewise, in State v. Montgomery,[9] we applied Blakely to R.C. 2929.14(B) and held that a sentencing court may not impose a sentence longer than the minimum upon an offender who has not previously served a prison term based on its own finding that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender.[10]
But, as we recently explained in State v. McIntosh,[11] "[I]n bothMontgomery and our recent opinion in State v. Lowery, we acknowledged that Blakely permits the fact of a prior conviction to support an enhanced sentence. Consequently, we held that a trial court may consider a defendant's prior convictions to enhance a sentence without resubmitting the facts of those convictions to the jury. In Lowery, we upheld a maximum prison sentence under a harmless-error analysis, where the trial court had provided alternative bases for imposing the maximum sentence — that Lowery had committed the worst form of the offense and that he posed the greatest likelihood of recidivism — and only one of those bases, that Lowery had committed the worst form of the offense, had violated Blakely. We held that the trial court's finding that Lowery posed the greatest likelihood of committing future crime, which was based on his prior criminal convictions, did not violate Blakely and thus provided an independent ground to enhance Lowery's sentence."[12]
At Krois's sentencing hearing, the court imposed the maximum prison term after finding that Krois posed the greatest likelihood of reoffending. The sentencing court also acknowledged that Krois had never served a prison term, but made findings that the shortest prison term would demean the seriousness of Krois's conduct and not adequately protect the public from future crime by him. The sentencing court based each of these findings on Krois's previous convictions, which included theft and falsification, crimes similar to the charged offenses.
Because the trial court's decision to impose not only more than the minimum sentence, but the maximum sentence, was expressly based on Krois's criminal history, those prison terms did not violate Blakely.
Additionally, we cannot clearly and convincingly find that the record does not support the trial court's findings or that those findings were contrary to law. Accordingly, we overrule Krois's second assignment of error, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Hendon, JJ.
[1](June 3, 2004), 1st Dist. Nos. C-030693 and C-030728.
[2] R.C. 2929.14(E)(4).
[3] Id.; see, also, State v. Chapman, 1st Dist. No. C-020115, 2002-Ohio-7336, at ¶ 3.
[4] R.C. 2929.19(B)(2)(d); State v. Edmondson, 86 Ohio St.3d 324,1999-Ohio-110, 715 N.E.2d 131; State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473.
[5] (2004), ___ U.S. ___, 124 S.Ct. 2531.
[6] Id. at ___, 124 S.Ct. 2531.
[7] ___ Ohio App.3d ___, 2005-Ohio-373, 824 N.E.2d 609.
[8] Id. at ¶ 7-8.
[9] ___ Ohio App.3d ___, 2005-Ohio-1018, 825 N.E.2d 250.
[10] Id. at ¶ 9-10.
[11] 1st Dist. No. C-040280, 2005-Ohio-1760.
[12] Id. at ¶ 10.