JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Steven Curtis appeals the sentences imposed by the trial court following his no-contest plea to community-control violations. We sustain his second assignment of error, vacate his sentences, and remand the case for resentencing.
On November 5, 2001, Curtis pleaded guilty to two counts of nonsupport of dependents in violation of R.C. 2919.21(B). The trial court sentenced him to community control for five years and informed him that if he violated the conditions of community control, he could be sentenced to one year for each count, with the terms to be served consecutively. On July 21, 2004, Curtis pleaded no contest to violating community-control conditions. The trial court found him guilty and imposed two one-year prison terms, to be served consecutively.
In his first assignment of error, Curtis asserts that the trial court erred when it failed to specify the specific prison term that it would impose if Curtis violated the conditions of community control. The record is clear that the trial court fulfilled the requirements of R.C.2929.19(B)(5) when it informed Curtis that he faced a total of two years should he violate the conditions of community control. The first assignment of error is overruled.
Curtis's second assignment of error is that the trial court erred when it sentenced him to the maximum allowable term for each count and ordered the terms to be served consecutively.
Curtis first argues that because he had not served a prior prison term, he should have been sentenced to the minimum term. R.C. 2929.14(B) provides that the trial court shall impose the minimum prison term upon an offender unless the offender has a prior prison term or the court finds "that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime." The trial court pointed out that Curtis had not served a prior prison term, but found that the minimum term would not adequately protect the public. This finding met the requirements of R.C. 2929.14(B). And because the finding was based on Curtis's prior convictions, it did not violate the United States Supreme Court's decision in Blakely v.Washington.[1]
Having concluded that the trial court did not err in imposing more than the minimum sentence, we now consider the maximum sentences imposed by the trial court. R.C. 2929.14(C) provides that the trial court may impose the longest prison term "only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *." Our recent decisions make clear that imposing a maximum sentence based upon a worst-form-of-the-offense finding violates of Blakely,[2] but that a finding of likelihood of recidivism based on prior convictions does not.[3]
Here, it is not clear upon which ground the trial court imposed the maximum sentences. The court stated, "Although, also, he was on community control when he committed the theft offense and driving without a license charge, so he's eligible for [the] maximum sentence." Because imposing a maximum sentence based on the commission of an offense while on community control is contrary to law, the trial court erred in sentencing Curtis to one-year prison terms. Accordingly, we sustain the second assignment of error with respect to the maximum sentence.
Curtis also claims that the trial court erred in ordering that the sentences be served consecutively. We disagree. The trial court made the findings required to impose consecutive sentences.[4] The record supports those findings. Further, Blakely does not apply to the imposition of consecutive sentences.[5]
We conclude that the trial court did not err in imposing more than the minimum sentence and in ordering the sentences to be served consecutively. But because the trial court did not make the proper findings to impose maximum sentences, we vacate the sentences and remand the case for resentencing in accordance with law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Hendon, JJ.
[1] State v. McIntosh, 1st Dist. No. C-040280, 2005-Ohio-1760.
[2] State v. Bruce, 159 Ohio App.3d 562, 566, 2005-Ohio-373,824 N.E.2d 609.
[3] State v. Lowery, 1st Dist. No. C-040157, 2005-Ohio-1181.
[4] R.C. 2929.14(E)(4).
[5] State v. Montgomery, 159 Ohio App.3d 752, 759, 2005-Ohio-1018,825 N.E.2d 250.