JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
James Harris was convicted on six counts of trafficking in cocaine, one count of possession of cocaine, and one count of trafficking in marijuana. He was sentenced to the maximum term of incarceration on each count, to be served consecutively. In his first appeal of his conviction and sentence, Harris challenged the trial court's imposition of maximum consecutive terms. This court affirmed the trial court's imposition of maximum terms and also concluded that the record supported the imposition of consecutive terms.[1] But the trial court had failed to make the proper R.C. 2929.14(E) finding to support the imposition of consecutive terms. We vacated the consecutive sentences and remanded the case to the trial court in accordance with R.C. 2953.08(G)(1) to enable the trial court to make the proper findings justifying consecutive terms.
On remand, the trial court adopted by reference the findings made at the first sentencing hearing, made the necessary findings to justify the imposition of consecutive terms, and reimposed consecutive terms.
Harris appeals from this order, raising three assignments of error. In the first assignment of error, he again challenges the trial court's imposition of maximum terms, arguing in part that the court's imposition of the longest term of imprisonment was prohibited by the Sixth Amendment to the United States Constitution.[2] In his third assignment of error, he argues that the trial court erred in sentencing him to prison without making the findings mandated by R.C. 2929.13(B).
The state argues that the issue on appeal must be limited to the remand order, precluding Harris from challenging anything but whether the trial court made the necessary findings to support consecutive terms. We agree and overrule the first and third assignments of error. We note that Harris may raise the issues in the first and third assignments of error in an appeal to the Ohio Supreme Court.
In his second assignment of error, Harris argues that the trial court erred in sentencing him to consecutive terms. We find no merit to this claim.
Before imposing consecutive sentences, the trial court must make the findings required by R.C. 2929.14(E)(4) and state on the record the reasons for those findings.[3] In this case, the trial court made the relevant findings, stating that consecutive terms were necessary "to protect the public from you; and to punish you; and that the consecutive sentences would not be disproportionate to the seriousness of the conduct; and the danger you pose to the public. * * * Your criminal history shows we need — it's time for someone to step up and say: Let's protect the public from this man." In explaining the basis for the findings, the court cited Harris's criminal record for drug trafficking and the fact that the jury had just found him guilty of trafficking in drugs on six separate dates.
Harris argues that the court's findings were not supported by the record because his prior felony drug-trafficking convictions were over ten years old. Harris does not cite any statute or case law to support his proposition that older convictions for the same crime cannot provide the basis for the imposition of consecutive terms. We decline to hold so, especially in this case where Harris's more recent record included five misdemeanor drug convictions.
He also argues that the court erroneously found that, at the time of the offense, he was awaiting trial or sentence, on community control, or under post-release control, and that this fact justified consecutive terms. We agree with Harris that the record would not have supported this finding, but the court did not state this finding at the sentencing hearing; rather, it erroneously marked the space for this finding on the sentencing worksheet. As noted above, at the sentencing hearing the court properly found that consecutive terms were necessary because Harris's criminal history showed a need to protect the public from him.
The court made the necessary findings to justify consecutive terms, and we cannot clearly and convincingly find that the record does not support the findings or that those findings are contrary to law. Further, we have held that the Blakely v. Washington[4] restrictions do not apply to the imposition of consecutive sentences for multiple crimes.[5]
Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Hendon, JJ.
[1] See State v. Harris (July 7, 2004), 1st Dist. No. C-020635.
[2] See State v. Bruce, 159 Ohio App.3d 562, 2005-Ohio-373,824 N.E.2d 609.
[3] See State v. Edmonson (1999), 86 Ohio St.3d 324, 326,715 N.E.2d 131.
[4] (2004), 542 U.S. 296, 124 S.Ct. 2531.
[5] See State v. Montgomery, 159 Ohio App.3d 752, 2005-Ohio-1018,825 N.E.2d 250, at ¶ 16-17.