OPINION.
{¶ 1} The defendant-appellant, Laura Weber, appeals her sentence of a two-year prison term imposed following a plea bargain in which she entered a guilty plea to one count of aggravated theft, in violation of R.C. 2913.02(A), which was punishable as a third-degree felony. In two assignments of error, she contests the trial court's disapproval of early release from imprisonment, and the imposition of more than the minimum sentence. She contends that because she was an offender who had not previously served a prison term, the trial court was limited by R.C.2929.14(B) to imposing the shortest prison term for a third-degree felony (one year). We agree in light of our decision in State v. Montgomery,159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250.
 {¶ 2} Weber and Jessica Sullivan-Griggs were charged with stealing $435,049.21 from their employer, Western and Southern Insurance Company, between January 5, 2004, and February 25, 2004, by means of fake documents and forged signatures. After Weber's arrest, police recovered all but $52,440 of the stolen funds.
 {¶ 3} A third-degree felony is punishable by a prison term of one, two, three, four, or five years. See R.C. 2929.14(A)(3). The trial court sentenced Weber to a two-year prison term with no early release or discharge. The trial court complied with R.C. 2929.14(B) and made the required findings before imposing more than the shortest prison term for a third-degree felony. The court found that the shortest term would demean the seriousness of Weber's conduct and would not adequately protect the public from future crime by her.
 {¶ 4} In State v. Montgomery, we followed the United States Supreme Court's decisions in Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and United States v. Booker (2005), ___ U.S. ___, 125 S.Ct 738, and held that the Sixth Amendment renders R.C. 2929.14(B) unconstitutional when a sentencing court imposes more than the shortest prison term on an offender who has not previously served a prison term, based upon facts that have been neither found by the jury nor admitted by the defendant. See State v. Montgomery at ¶ 12. The only exception is when the findings are expressly based upon evidence of the defendant's history of prior convictions or juvenile adjudications. See State v. Lowery,106 Ohio App.3d 138, 2005-Ohio-1181, 826 N.E.2d 340; State v. Deters,
1st Dist. No. C-010645, 2005-Ohio-4049.
 {¶ 5} In Apprendi, 530 U.S. at 490, 120 S.Ct. 2348, the Court held that any fact necessary to impose a sentence longer than the "prescribed statutory maximum" must be submitted to the jury and proved beyond a reasonable doubt. Subsequently, in Blakely, the Court defined the "prescribed statutory maximum" not as the longest sentence, but as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant" as the result of plea or stipulation. 542 U.S. at ___, 124 S.Ct. at 2537. In other words, the Sixth Amendment guarantee of a jury trial and proof beyond a reasonable doubt prohibits a determinate sentencing scheme that requires judicial fact-finding to enhance an offender's sentence beyond that authorized without the additional facts. See State v. Lowery at ¶ 37.
 {¶ 6} A sentencing court in Ohio must follow the sentencing guidelines of Am.Sub.S.B. No. 2. See State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473. As we stated in State v. Montgomery at ¶ 8 (citation omitted), "a plain reading of this statute indicates that R.C. 2929.14(B) entitles an offender who has not previously served a prison term to a presumption that imposition of the minimum term is sufficient. Thus, before imposing a term greater than the minimum, the sentencing court must make an additional finding under R.C. 2929.14(B)(2)." Therefore, in this case, the statutory maximum prison term for Weber was one year, because the additional facts necessary to increase the prison term under R.C. 2929.14(B)(1) and (2) were neither admitted by Weber nor found by the jury. See State v. Montgomery at ¶ 8-9.
 {¶ 7} Pursuant to R.C. 2929.12, the trial court weighed the seriousness and recidivism factors applicable to the case. The trial court found the following, more serious factors: (1) Western and Southern Insurance suffered serious economic harm; (2) Weber used her position of trust as an employee to facilitate the offense; and (3) the offense was part of organized criminal activity carried out in concert with Sullivan-Griggs. The state argues that those factors — admitted to in part by Weber when she entered her plea — were a substitute for the jury findings or admissions sufficient to permit enhancement of the prison term under R.C. 2929.14(B).
 {¶ 8} While we agree with the state that a two-year prison term for Weber does not seem excessive based on the seriousness of her conduct, the trial court may not elevate the shortest sentence for an offender who has not previously served a prison term by consideration of the more serious factors under R.C. 2929.12(B) alone, even if they are admitted by the defendant. To do so would bypass the statutory requirement that the trial court make findings pursuant to R.C. 2929.14(B)(1) and (2) before imposing more than the shortest sentence. This would undermine not only the holding in Blakely, but, likewise, our decision in State v. Bruce,159 Ohio App.3d 562, 2005-Ohio-373, 824 N.E.2d 609, in which the sentencing court rather than the jury found that the worst form of the offense authorized the maximum prison term.
 {¶ 9} The Ohio Criminal Sentencing Commission, an author of Am.Sub.S.B. No. 2, argues that Apprendi and its progeny do not apply to Am.Sub.S.B. No. 2, because Ohio's sentencing scheme, unlike Washington State's and the federal sentencing guidelines, does not employ a matrix grid-type sentencing scheme. See Diroll and Anderson, Judicial Decisionmaking After Blakely and Booker (Feb. 16, 2005), Section IV(C)(2). The commission also notes that Ohio's sentencing scheme is "indeterminate and, therefore, safe" from the results required byBlakely. Anderson, Ohio Blakely and Booker Principles (Apr. 11, 2005), at 2; but, see, Diroll, Felony Sentencing under Senate Bill 2 and Senate Bill 269, (Aug. 1, 1996), Section II(B)(2) (the Ohio Criminal Sentencing Commission has previously referred to "truth in sentencing" as being in the "form of definite sentences").
 {¶ 10} The most persuasive argument is that historically sentencing decisions concerning subjective guidelines related to public protection and proportionality have typically been reserved to the court's discretion. See State v. Lett, 161 Ohio App.3d 274, 2005-Ohio-2665,829 N.E.2d 1281, at ¶ 23-24; State v. Trubee, 3rd Dist. No. 9-03-65,2005-Ohio-522, at ¶ 43-45. The argument is not, however, supported by the majority opinion in Blakely, in which Justice Scalia did not followMcMillan v. Pennsylvania (1986), 477 U.S. 79, 106 S.Ct. 2411, and the discussion of those facts traditionally relied on by the judiciary in sentencing. See Blakely v. Washington, 542 U.S. at ___, 124 S.Ct. at 2537. Furthermore, as Judge Karpinski correctly noted in her dissent in Statev. Lett at ¶ 109, "In McMillan, the sentence did not run afoul of Sixth Amendment rights, because the state permitted the trial judge to order more than the minimum sentence even if the judge did not make any findings."
 {¶ 11} Doubts about whether the majority in Blakely meant to limit judicial discretion under the Am.Sub.S.B. No. 2 scheme are resolved by the following quotation from Justice O'Connor's dissent: "Under the majority's approach, any fact that increases the upper bound on a judge's sentencing discretion is an element of the offense. Thus, facts that historically have been taken into account by sentencing judges to assess a sentence within a broad range — such as drug quantity, role in the offense, risk of bodily harm — all must now be charged in an indictment and submitted to a jury, In re Winship, 397 U.S. 358, 25 L.Ed. 2d 368,90 S. Ct. 1068 (1970), simply because it is the legislature, rather than the judge, that constrains the extent to which such facts may be used to impose a sentence within a pre-existing statutory range." Id., 542 U.S. at ___, 124 S.Ct. 2546.
 {¶ 12} Concededly, this court is in the minority as to the meaning of "statutory maximum" in Blakely and its application to the shortest prison term under the guidelines and findings of R.C. 2929.14(B). We take the position that the United States Supreme Court means what is says. The first assignment of error is sustained.
 {¶ 13} Weber's second assignment, in which she argues that the trial court erred by denying her early release or discharge in the sentencing entry, is overruled, as Weber withdrew her motion to mitigate the no-early-release portion of the sentence. Moreover, the trial court had wide discretion to prohibit early release to a transitional control, shock incarceration, or an intensive program prison, or to deny judicial release. See R.C. 2929.14(K), 2929.20, and 2967.26(A)(2).
 {¶ 14} The judgment of the trial court is reversed as to the imposition of more than the minimum prison term. We remand this case to the sentencing court to modify its sentence to a one-year prison term.
Sentence vacated and cause remanded.
Sundermann and Hendon, JJ., concur.