OPINION
{¶ 1} Defendant-appellant, Nathaniel Byrd, Jr. (hereinafter "Byrd"), appeals the April 21, 2005 judgment of the Defiance County Court of Common Pleas sentencing him to the statutory maximum for domestic violence.
 {¶ 2} On November 30, 2004, Byrd traveled to the residence of his former girlfriend, Tammy Bechtol (hereinafter "Bechtol"). Jessica Sierra (hereinafter "Sierra"), Byrd's live-in girlfriend at the time, arrived at Bechtol's home shortly thereafter.
 {¶ 3} Byrd and Sierra proceeded to argue outside of the residence. During the course of the argument, Byrd picked Sierra up and threw her against a vehicle. Bechtol and Sierra retreated into Bechtol's home, and Bechtol ordered Byrd to leave. Byrd forcibly entered the residence, picked Sierra up by the throat, and threw her against a window. Sierra sustained a laceration on her head and serious injuries as a result.
 {¶ 4} On December 6, 2004, the Defiance County Grand Jury indicted Byrd for one count of burglary, a violation of R.C. 2911.12(A)(2) and a felony of the second degree, and one count of domestic violence, a violation of 2919.25(A) and a felony of the third degree. Ultimately, Byrd pleaded "no contest" to domestic violence, and the trial court found him "guilty." On April 8, 2005, the trial court sentenced Byrd to the statutory maximum for domestic violence, sixty months incarceration.[1]
 {¶ 5} It is from this decision that Byrd appeals, setting forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. 1 R.C. § 2929.14(C) is unconstitutional insofar as it authorized factfinding by a Trial Court without the right to a jury when those facts arenecessary for imposition of a maximum sentence.
 {¶ 6} Byrd does not allege that the trial court failed to make all of the statutorily enumerated findings necessary for the imposition of a maximum sentence under R.C. 2929.14(C), but rather that the findings were not made by a jury. Byrd contends in his sole assignment of error that the trial court violated his right to a trial by jury when it imposed the statutory maximum for domestic violence, sixty months incarceration, based on findings not admitted by him or submitted to a jury. Byrd relies on the holdings in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, and State v. Bruce, 159 Ohio App.3d 562,2005-Ohio-373, for this proposition.
 {¶ 7} This court has previously ruled that the holding in Blakely does not apply to Ohio's sentencing framework. State v. Trubee, 3d Dist. No. 9-03-65, 2005-Ohio-552, at ¶ 16-38.
 {¶ 8} Byrd's assignment of error is overruled.
 {¶ 9} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Rogers and Shaw, JJ., concur.
[1] Additionally, the trial court revoked Byrd's community control, which stemmed from prior convictions for trafficking cocaine and domestic violence, and re-imposed the balance of a fifty-one month prison term. The trial court ordered that the sixty month term and the fifty-one month term be served consecutively for a total of one hundred eleven months incarceration. The validity Byrd's fifty-one month prison term is the subject of a different appeal in State v. Byrd, Case Nos. 4-05-17 and 4-05-18.