DECISION.
Defendant-appellant Raymond Sims pleaded guilty to one count of trafficking in cocaine, a fourth-degree felony that carried a prison term of 6 to 18 months. The trial court found that Sims had previously served prison terms for three other trafficking convictions and sentenced him to 16 months in prison. Sims now contends that this sentence was excessive, did not comply with the sentencing guidelines, and was based on factors outside the guidelines. Sims further contends that the Ohio sentencing procedures are unconstitutional.
 {¶ 1} As we have previously ruled, a sentencing court can consider a defendant's prior convictions without resubmitting the fact of those convictions to the jury.[1] While the statutory maximum for an offender who has not previously served a prison term is the minimum prison term allowed by law for that offense, Sims did not qualify for a minimum term in this respect. Because Sims previously had been convicted of and incarcerated for trafficking in drugs, the trial court did not err in imposing a sentence above the statutory minimum. Furthermore, the trial court did not err in finding that Sims had been unsuccessful in rehabilitation and probation. These were mere manifestations of the underlying permissible finding that he had prior convictions.
 I. Just the Facts {¶ 2} Cincinnati police arrested Sims for selling or offering to sell cocaine in the vicinity of a school in violation of R.C. 2925.03, and he was then indicted for trafficking in and possessing cocaine on August 17, 2004. Sims pleaded guilty to one count of trafficking in cocaine and the state dismissed the possession count.
 {¶ 3} Since Sims was convicted of a fourth-degree felony, he was subject to a prison term ranging from 6 to 18 months. The trial court noted that Sims had previously been convicted of trafficking in narcotics and had served prison terms. The court sentenced Sims to 16 months in prison.
 II. Sims's Sentence {¶ 4} In Sims's first assignment of error, he argues that his sentence was excessive, did not comply with the sentencing guidelines, and was based on factors outside the guidelines. Sims's arguments are related, because an analysis of whether the sentencing decision was based on factors outside the guidelines is proper in a discussion of the constitutionality of the guidelines and the sentencing factors and their application to Sims. For this reason, we first address Sims's challenge to the length of his sentence before considering his claim that the sentence was based on factors that were not constitutionally permitted.
 {¶ 5} The thrust of Sims's argument is that there is a presumption of community control for felonies of the fourth or fifth degree. Sims contends that in order to impose a prison sentence, the trial court must make findings under R.C. 2929.13(B). Sims further maintains that it would have been more beneficial for him to be in a drug-rehabilitation program than to spend 16 months in prison.
 {¶ 6} When imposing a sentence for a fourth-degree felony, a sentencing court must be guided by R.C. 2929.13(B)(1) and must consider whether any of the enumerated factors apply. If it determines that one of the factors is applicable, that prison is consistent with the purposes and principles of sentencing, and that the offender is not amenable to community control, the court must impose a prison term. If the court determines that none of the enumerated factors applies and, after considering the factors in R.C. 2929.12, finds that community-control sanctions are consistent with the principles and purposes of sentencing set forth in R.C. 2929.11, the court must impose a community-control sanction.
 {¶ 7} In the present case, the trial court made a finding under R.C.2929.13(B)(1)(g) that Sims had previously served a prison term. By doing so, the trial court was free to sentence Sims to prison instead of imposing a community-control sanction. While Sims may be in "terrible need of a drug rehabilitation program," as his brief suggests, the trial court did not err in imposing a 16-month sentence after making the R.C.2929.13(B)(1)(g) finding.
 III. Ohio Sentencing Procedures {¶ 8} Sims contends in his second assignment of error that the Ohio sentencing procedures are unconstitutional in light of the United States Supreme Court's holdings in United States v. Booker,[2] Blakely v.Washington,[3] and Apprendi v. New Jersey.[4] In particular, Sims maintains that the court's finding in this case that he was unsuccessful in previous attempts at probation and rehabilitation was impermissible and involved facts that should have been submitted to the jury and proved beyond a reasonable doubt.
 {¶ 9} The Supreme Court in Apprendi held that the right to a jury trial requires that the state submit to a jury and prove beyond a reasonable doubt any fact (other than the fact of a prior conviction) that increases the penalty for a crime beyond the "prescribed statutory maximum."[5] The Court in Blakely reaffirmed the holding of Apprendi
and defined the "statutory maximum" not as the longest term the defendant can receive under any circumstances, but as "the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant."[6] This definition was reiterated and clarified by the Court in Booker.[7]
 {¶ 10} After the Court's decision in Booker, we revisited earlier decisions in which we had held that Apprendi and its progeny did not apply to Ohio's sentencing scheme.[8] As a result, in State v. Bruce, we held that the Sixth Amendment does have an impact on some of Ohio's sentencing statutes.[9] We held that the "statutory maximum" forBlakely purposes is the maximum term a trial court can impose without any additional findings — such as a prison term supported solely by the jury's verdict or a defendant's admissions.[10] We further held that R.C. 2929.14(C), the statute governing the imposition of maximum sentences, was unconstitutional to the extent that it allowed a court to impose a sentence that exceeded the maximum term supported by the jury's verdict or the facts admitted by the defendant.[11] But we have since held that a defendant's jury-trial rights are not violated when the sentencing court imposes an enhanced sentence based specifically upon the offender's history of prior convictions.[12]
 {¶ 11} In State v. Lowery, we noted that both Apprendi and Blakely
specifically allow a sentencing court to consider a defendant's prior convictions without resubmitting the fact of those convictions to the jury.[13] We further noted that the justification for this exception appears to be twofold: "(1) that the safeguards of trial by jury and proof beyond a reasonable doubt have already attended the earlier convictions, thus eliminating the need to resubmit the matter to the jury, which, in any case, would have no basis to deny the existence of the convictions as historical facts; and (2) that prior convictions are indicators of recidivism, a sentencing area that the United States Supreme Court has observed to be the most traditional of court-determined sentencing factors and thus constitutionally distinct."[14] Thus, we conclude that our decision in Lowery is controlling here because Sims was in the category of offenders with previous convictions.
 {¶ 12} The trial court made a finding under R.C. 2929.13(B)(1)(g) and2929.14(B)(1) that Sims had previously served a prison term for trafficking in narcotics. This finding was constitutionally permissible. The court did not err in sentencing Sims to 16 months in prison.
 {¶ 13} Furthermore, the court's notation that Sims was unsuccessful in rehabilitation and probation was simply a manifestation of Sims's three previous convictions and not an unconstitutional factor for raising his sentence above the minimum. As we noted in Lowery, when a trial court finds that a defendant has a likelihood of recidivism because of prior convictions, this does not offend a defendant's Sixth Amendment right to a jury trial. Similarly, noting that a defendant has been unsuccessful in rehabilitation and probation because of previous convictions does not offend the defendant's Sixth Amendment rights. These facts are merely subsumed in the defendant's prior convictions. Thus, the court did not err in imposing a 16-month sentence on Sims.
 {¶ 14} Accordingly, we overrule Sims's assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
Doan, P.J., and Sundermann, J., concur.
[1] See State v. Lowery, 160 Ohio App.3d 138, 2005-Ohio-1181,826 N.E.2d 340, at ¶ 43.
[2] See United States v. Booker (2005), ___ U.S. ___, 125 S.Ct. 738.
[3] See Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531.
[4] See Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348.
[5] Apprendi, 530 U.S. at 490, 120 S.Ct. 2348.
[6] Blakely, 542 U.S. at 302, 124 S.Ct. 2531.
[7] Booker, 125 S.Ct. at 756.
[8] See, e.g., State v. Eckstein, 1st Dist. No. C-030139, 2004-Ohio-5059;State v. Bell, 1st Dist. No. C-030726, 2004-Ohio-3621.
[9] See State v. Bruce, 159 Ohio App.3d 562, 566, 2005-Ohio-373,824 N.E.2d 609, at ¶ 6-10.
[10] Id. at ¶ 9.
[11] Id.
[12] See State v. Lowery, 160 Ohio App.3d 138, 2005-Ohio-1181,826 N.E.2d 340, at ¶ 43.
[13] Id., citing Blakely, 124 S.Ct. at 2537; Apprendi, 530 U.S. at 490.
[14] Id., citing Apprendi, 530 U.S. at 409; Jones v. United States
(1999), 526 U.S. 227, 248-249, 119 S.Ct. 1215.