DECISION
{¶ 1} The defendant-appellant, Floyd Mozena, appeals his four-year sentence for gross sexual imposition and the trial court's judgment adjudicating him a sexual predator. In his two assignments of error, Mozena contends that (1) the trial court should have imposed only the minimum prison term for his conviction on two counts of gross sexual imposition, and (2) the trial court's judgment that he is a sexual predator was against the manifest weight of the evidence. We sustain the first assignment of error and overrule the second.
 {¶ 2} Mozena entered a no-contest plea to two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), third-degree felonies. On the first count, he admitted touching the vaginal area of an eleven-year-old child on June 2, 2004. On the second count, he admitted touching the breast of a different eleven-year-old child on June 19, 2004. It is undisputed that Mozena had no previous criminal record. Before sentencing Mozena to concurrent four-year prison terms, the trial court held a sexual-offender classification hearing and found that Mozena was a sexual predator.
 {¶ 3} In his first assignment of error, Mozena argues that because he had not previously served a prison term, R.C.2929.14(B) precluded the trial court from imposing more than the shortest prison term for his gross-sexual-imposition convictions. He argues that pursuant to this court's decision in State v.Montgomery, 159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250, it was incumbent upon the trial court to impose concurrent one-year prison terms — the shortest prison terms for the two third-degree-felonies.
 {¶ 4} At the sentencing hearing, the trial court made detailed findings on its sentencing worksheet and also stated them on the record. It found that the "more serious" factors of serious psychological harm to the victims, Mozena's position of trust, and his relationship to the victims outweighed the "less serious" factors pursuant to R.C. 2929.12(B) and (C). In compliance with State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473, at ¶ 20 and ¶ 26, the trial court also stated in its worksheet and orally that, under R.C.2929.14(B), the shortest prison term would demean the seriousness of the offenses and would not adequately protect the public from future crime. The trial court applied our decision in State v.Bruce, 159 Ohio App.3d 562, 2005-Ohio-373, 824 N.E.2d 609, and refrained from imposing the maximum term in the range for third-degree felonies under the "worst forms" of the offense.
 {¶ 5} The trial court's sentencing hearing for Mozena, however, was conducted thirty days before the release of our decision in State v. Montgomery. Applying the precedents inApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, to the minimum prison term specified in R.C. 2929.14(B), we held that a trial court errs when it imposes a prison term longer than the presumptive minimum for a defendant who has not previously served a prison term, based on facts not found by a jury or admitted by the defendant. See State v. Montgomery at ¶ 12. Under R.C. 2929.14(B), "the statutory maximum for an offender who has not previously served a prison term is the minimum prison term allowed by law for the offense." Id. at ¶ 9. Therefore, Mozena's sentence must be modified to the shortest prison terms specified in R.C. 2929.14(B), i.e., a one-year prison term for each offense. Because the trial court found that consecutive sentences were not appropriate for Mozena under the factors in R.C. 2929.19(B)(2)(d), the modified sentences must be served concurrently. See State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, 715 N.E.2d 131.
 {¶ 6} In his second assignment of error, Mozena argues that the trial court erred in classifying him as a sexual predator based on its finding that he is a pedophile. Mozena contends that the trial court erroneously interpreted the findings of the clinical psychologists when it concluded that "[t]he clinical findings show by clear and convincing evidence that the defendant, if one had to place a medical term, that is, that he is a sexual pedophile. * * * [T]he reports of Dr. Bassman and Dr. Baker do suggest that the defendant does have an illness, a sickness, a disease, being pedophilia. It is more likely than not based on those clinical analyses that, at least from the Court, that he will more likely than not repeat this activity."
 {¶ 7} Mozena is correct. Dr. Bassman's report actually states, "The possibility of pedophilia should be explored within the context of psychotherapy." The trial court was not capable of reaching a medical conclusion that Mozena is a pedophile absent evidence from the clinic reports or other medical diagnosis based upon the opinion of an expert. See State v. Griswold (Mar. 20, 1987), 6th Dist. No. L-85-333 (permitting the use of "pedophile" as a descriptive term but not as a medical diagnosis). Here, the record reflects only that psychological experts recommended further evaluation.
 {¶ 8} But the trial court's erroneous finding that Mozena is a pedophile is not reversible error because the trial court appropriately assessed independently the actual evidence in light of each factor in R.C. 2950.09(B)(2). The factors of R.C.2950.09(B)(2) provide the framework to guide the trial court in its determination of whether an offender who has committed one or more sexually-oriented offenses is a sexual predator. See Statev. Eppinger, 91 Ohio St.3d 158, 163-165, 2001-Ohio-247,743 N.E.2d 881.
 {¶ 9} In classifying Mozena a sexual predator, the trial court found (1) the two victims were eleven years old at the time of the crimes; (2) Mozena was fifty-nine years old; and (3) the offenses involved separate victims and were committed on separate dates. Under the additional behavior characteristics that contribute to an offender's conduct found in R.C.2950.09(B)(2)(j), the trial court found that Mozena (1) breached his position of trust in relationship to the victims and their parents; (2) attempted to buy his victims' silence with ice cream and money; and (3) was purposely deceptive when interviewed by Dr. Bassman and Dr. Baker. It also found that the medical evidence suggested that Mozena's chance of recovery was guarded.
 {¶ 10} After reviewing the transcript of the classification hearing and the exhibits, we conclude that the trial court had more than ample evidence before it to produce a firm belief that Mozena was "likely to engage in one or more sexually oriented offenses sometime in the future." R.C. 2950.01(E); see, also,State v. Eppinger, 91 Ohio St.3d at 162, 2001-Ohio-247,743 N.E.2d 881. Accordingly, there was clear and convincing evidence to support the trial court's finding that Mozena is a sexual predator. See R.C. 2950.01(E) and 2950.09(B)(3); see, also,State v. Eppinger, 91 Ohio St.3d at 163, 2001-Ohio-247,743 N.E.2d 881; State v. Lewis (Dec. 21, 2001), 1st Dist. No. C-010274. The second assignment of error is overruled.
 {¶ 11} The sentence of the trial court is vacated, and we remand this case with instructions to modify Mozena's sentence to a one-year prison term for each conviction of gross sexual imposition in violation of R.C. 2907.05(A)(4). The sentences are to be served concurrently. The trial court's judgment classifying Mozena as a sexual predator is affirmed.
Judgment accordingly.
Gorman, P.J., Painter and Hendon, JJ.