OPINION
{¶ 1} Defendant-appellant, Amy Detlor (hereinafter "Detlor"), appeals her conviction and sentence from the Union County Court of Common Pleas for reckless homicide, abuse of a corpse, and child endangerment.
 {¶ 2} On July 1, 2003, Detlor gave birth to a baby boy at approximately 8:00 a.m. in the bathroom at her grandmother's home in Columbus, Ohio. Detlor immediately cleared the baby's airway, washed him, wrapped him in a towel, and placed him in the passenger seat of her automobile. Detlor then drove to her parents' home in Milford Center, Ohio, which she knew to be unoccupied at the time.
 {¶ 3} While en route, Detlor stopped at a fast-food restaurant. As Detlor traveled through the drive-thru, she covered the baby's face with a portion of the towel. Upon reaching her parents' home, Detlor removed the towel from the baby's face and realized he had stopped breathing. Detlor subsequently drove to the Milford Center Prairie Reserve, where she placed the baby in a garbage bag, carried the bag into the reserve, and dropped the bag from an abandoned railroad trestle into weeds ten feet below. After doing so, Detlor returned to her parents' home and took a nap.
 {¶ 4} At approximately 1:30 p.m., Detlor called 911 complaining that she had lost a lot of blood. Shortly thereafter, emergency technicians arrived at the Milford Center residence and transferred Detlor to the hospital. Although Detlor initially lied to her family, the emergency technicians, and the police about the facts of this matter, she later informed them of the events that had transpired and the location of the baby's remains.
 {¶ 5} On December 19, 2003, a grand jury indicted Detlor for the following: involuntary manslaughter, a violation of R.C.2903.04(A) and a felony of the first degree; child endangerment, a violation of R.C. 2919.22(A) and a felony of the third degree; reckless homicide, a violation of R.C. 2903.041(A) and a felony of the third degree; and abuse of a corpse, a violation of R.C.2927.01(B) and a felony of the fifth degree. Detlor pled "not guilty" to each charge.
 {¶ 6} The case then proceeded to a jury trial. Following the trial, the jury found Detlor guilty of reckless homicide, abuse of a corpse, and a lesser charge of child endangerment.[1]
At the sentencing hearing, the trial court ordered Detlor to serve a prison term of five years for the charge of reckless homicide, twelve months for the charge of abuse of a corpse, and six months for the charge of child endangerment. The trial court further ordered that the three sentences be served concurrently.
 {¶ 7} It is from this decision that Detlor appeals and sets forth four assignments of error for our review. For purposes of clarity, we consider Detlor's assignments of error two through four out of the order presented in her brief.
 ASSIGNMENT OF ERROR NO. 1 The finding that appellant was guily [sic] of recklesshomicide was against the manifest weight of the evidence.
 {¶ 8} In her first assignment of error, Detlor argues her conviction for reckless homicide was against the manifest weight of the evidence. Particularly, Detlor challenges the evidence leading to the conclusion that she recklessly caused the death of her child. For the reasons that follow, we find Detlor's first assignment of error lacks merit.
 {¶ 9} In determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "`[weigh] the evidence and all reasonable inferences, consider the credibility of witnesses and [determine] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541, quoting State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. Additionally, a reviewing court must allow to the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. State v. DeHass (1967),10 Ohio St.2d 230, 231, 227 N.E.2d 212.
 {¶ 10} R.C. 2903.041(A) states: "No person shall recklessly cause the death of another * * *." Under R.C. 2901.22(C), a person acts "recklessly" when:
[W]ith heedless indifference to the consequences, heperversely disregards a known risk that his conduct is likely tocause a certain result or is likely to be of a certain nature. Aperson is reckless with respect to circumstances when, withheedless indifference to the consequences, he perverselydisregards a known risk that such circumstances are likely toexist.
 {¶ 11} At trial, the prosecution introduced evidence that Detlor concealed her pregnancy from her grandmother, parents, and friends. The prosecution also presented evidence of the following: Detlor, a nineteen-year-old pre-nursing student at Columbus State Community College, knew the type and degree of care needed by a newborn baby; the baby's lungs were aerated, indicating the baby had breathed; Detlor had covered the baby's face with the towel while waiting in the drive-thru at the fast food restaurant; although the baby was born around 8:00 a.m., Detlor failed to seek medical assistance at any time prior to 1:30 p.m. even when she realized the baby had stopped breathing; and Detlor maintained exclusive care, control, and custody over the baby at all times before she left him in the reserve.
 {¶ 12} Furthermore, Dr. Robert Belding (hereinafter "Dr. Belding"), the deputy coroner who performed the autopsy, and Dr. David Applegate, II (hereinafter "Dr. Applegate"), the Union County Coroner, testified for the prosecution. Both Dr. Belding and Dr. Applegate testified that neither the exact time of death nor the exact cause of death could be determined. Dr. Applegate did state, however, that the baby's death was secondary to premeditated negligence, asphyxia, or exposure.
 {¶ 13} In opposition, Detlor testified on her own behalf. Detlor described the birthing process, her efforts to clean the baby, and her desire to care for herself by stopping at the fast-food restaurant for orange juice. Detlor also testified she thought the baby was healthy until she uncovered him at her parents' home. Detlor further stated that she did not know anything about the birth or care of a newborn baby and that she had planned to have her baby at the hospital and give him up for adoption.
 {¶ 14} Giving appropriate discretion to the trier of fact on matters relating to the weight of the evidence and the credibility of the witnesses, we find the jury could reasonably conclude based on the evidence presented at trial that Detlor recklessly caused the death of her child. Accordingly, we cannot say that the jury clearly lost its way. We must, therefore, conclude Detlor's conviction was not against the manifest weight of the evidence.
 {¶ 15} In addition to the foregoing argument, Detlor contends the trial court committed plain error when it allowed Dr. Applegate to testify that Detlor fit several characteristics of a "neonatal homicide mother."[2] Detlor specifically asserts Dr. Applegate suggested that, but for the fact that she fit several of the "profile characteristics," he would have concluded the baby died of sudden infant death syndrome (SIDS).
 {¶ 16} We recognize plain error "`with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" State v. Landrum (1990),53 Ohio St.3d 107, 111, 559 N.E.2d 710, quoting State v. Long (1978)53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Under the plain error standard, an appellant must demonstrate that the outcome of his trial would clearly have been different but for the trial court's errors. State v. Waddell (1996),75 Ohio St.3d 163, 166, 661 N.E.2d 1043, citing State v. Moreland
(1990), 50 Ohio St.3d 58, 63, 552 N.E.2d 894.
 {¶ 17} Dr. Applegate briefly referenced several "profile characteristics" on direct examination when asked why he thought the baby's death was secondary to premeditated negligence. Dr. Applegate did not, however, testify that, but for the fulfillment of those characteristics, he would have concluded the baby died of SIDS. Instead, Dr. Applegate testified: the cause of death could not be determined; the baby's death was secondary to premeditated negligence, asphyxia, or exposure; and Detlor's admitted actions of placing a towel over the baby's face and placing the baby in the garbage bag constituted a "reasonable explanation" for the baby's death.
 {¶ 18} In sum, we find the transcript of the trial proceedings does not support Detlor's additional argument. Even assuming, arguendo, the trial court erred in allowing Dr. Applegate's limited references to the "profile characteristics," the balance of his testimony weighs against the conclusion that Detlor's trial would clearly have been different but for that error.
 {¶ 19} Accordingly, Detlor's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 4 The defendant was deprived of a fair trial due to ineffectiveassistance of counsel.
 {¶ 20} In her fourth assignment of error, Detlor argues she was denied effective assistance of counsel because her defense counsel failed to object to, and later referenced, the aforementioned "profile characteristics." For the reasons that follow, we find Detlor's fourth assignment of error unavailing.
 {¶ 21} To establish a claim of ineffective assistance of counsel, a defendant must show two components: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. State v. Kole (2001), 92 Ohio St.3d 303, 306,750 N.E.2d 148, citing Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.
 {¶ 22} In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. Strickland, 466 U.S. at 687. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance.State v. Sallie (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267. Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. State v.Carter (1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965. Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. See State v.Bradley (1989), 42 Ohio St. 3d 136, 141-142, 538 N.E.2d 373, quoting State v. Lytle (1976), 48 Ohio St.2d 391, 396,358 N.E.2d 623.
 {¶ 23} After reviewing the transcript of the trial proceedings, we cannot find defense counsel's performance was deficient or unreasonable. During a side-bar, defense counsel explained he hoped to avoid emphasizing Dr. Applegate's testimony by not objecting to the profile references. Although defense counsel's subsequent act of raising the "profile characteristics" while cross-examining Dr. Applegate appears to be at odds with the strategy espoused at side-bar, it may nevertheless be construed as a reasonable attempt to discredit the coroner's account. We must, therefore, conclude Detlor has failed to establish defense counsel's actions at trial were not strategies prompted by reasonable professional judgment.
 {¶ 24} Accordingly, Detlor's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 2 The court erred by sentencing appellant to a maximum sentencefor both reckless homicide and abuse of a corpse.
 {¶ 25} In her second assignment of error, Detlor argues the record does not support the imposition of a maximum sentence for reckless homicide and abuse of a corpse.[3] Within this argument, Detlor contends the trial court should have imposed a minimum sentence pursuant to R.C. 2929.14(B) because she had no prior criminal history.[4] For the reasons that follow, we find Detlor's second assignment of error to be without merit.
 {¶ 26} On appeal from the imposition of sentence, an appellate court may not remand the case, or increase, reduce, or otherwise modify the sentence, unless it clearly and convincingly finds that the record does not support the trial court's findings or the sentence is otherwise contrary to law. R.C.2953.08(G)(2)(a), (b). Moreover, the trial court is in the best position to make the fact-intensive evaluations required by the sentencing statutes as it has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society. State v. Martin (1999),136 Ohio App.3d 355, 361, 736 N.E.2d 907.
 {¶ 27} A trial court may sentence an offender to the maximum prison term only if it finds that the defendant is a person who "committed the worst forms of the offense [or] * * * who pose[s] the greatest likelihood of committing future crimes." R.C.2929.14(C). When making such a determination under R.C.2929.14(C), a trial court must consider the applicable statutory sentencing factors found in R.C. 2929.12. Martin,136 Ohio App.3d at 359. Further, a trial court imposing the maximum prison term must also state the reasons for its findings at the sentencing hearing. R.C. 2929.19(B)(2)(d).
 {¶ 28} The transcript of the sentencing hearing reflects the trial court properly considered the factors set forth in R.C.2929.12. The trial court noted the physical injury suffered by the baby was exacerbated because of the baby's age and the baby suffered serious physical harm. See R.C. 2929.12(B)(1), (2). The trial court also found Detlor's relationship with the baby facilitated each offense. See R.C. 2929.12(B)(6). Finally, the trial court found Detlor demonstrated no genuine remorse for her actions. See R.C. 2929.12(D)(5).
 {¶ 29} In addition to considering the applicable factors under R.C. 2929.12, the trial court made the necessary findings under R.C. 2929.14(C) and stated its reasons for those findings as required by R.C. 2929.19(B)(2)(d). The trial court specifically found Detlor "committed the worst forms" of reckless homicide and abuse of a corpse. In doing so, the trial court discussed Detlor's actions following the birth of her child, as well as the manner in which Detlor disposed of the baby's remains. Giving proper discretion to the trial court on factual matters, we find that the record supports the trial court's findings.
 {¶ 30} Even if the record did not support such findings, the trial court made the additional determination under R.C.2929.14(C) that Detlor posed "the greatest likelihood of committing future crimes." The trial court based it's finding on Detlor's lack of remorse for her actions, as well as Detlor's admitted, albeit uncharged past drug abuse, which was documented in a pre-sentencing investigation report.
 {¶ 31} After reviewing the record, we cannot find by clear and convincing evidence that the trial court's imposition of a maximum sentence was unsupported by the record or was contrary to law.
 {¶ 32} Accordingly, Detlor's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 3 The maximum sentence of the court was contrary to the recentfindings of Blakely v. Washington and therefore was a violationof the constitutional rights of the appellant.
 {¶ 33} In addition to challenging the factual basis supporting the trial court's findings under R.C. 2929.14(C), Detlor contends in her third assignment of error that the trial court violated her right to a trial by jury when it made those findings. Detlor relies on the holdings of Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, and State v. Bruce, 159 Ohio App.3d 562, 2005-Ohio-373,824 N.E.2d 609, for this proposition.
 {¶ 34} This court has previously ruled that the holding inBlakely and the reasoning of Bruce do not apply to Ohio's sentencing framework. State v. Trubee, 3d Dist. No. 9-03-65,2005-Ohio-552, at ¶ 16-38. Therefore, Detlor's contention in this regard is without merit.
 {¶ 35} Accordingly, Detlor's third assignment of error is overruled.
 {¶ 36} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant and Rogers, JJ., concur.
[1] The Revised Code classifies child endangerment as a felony of the third degree if the defendant's actions resulted in "serious physical harm to the child involved." R.C.2919.22(E)(2)(c). The jury found Detlor guilty of child endangerment under R.C. 2919.22(A). However, the jury did not find that Detlor's actions resulted in "serious physical harm." Consequently, Detlor was convicted of a first degree misdemeanor, as opposed to a felony of the third degree. See R.C.2919.22(E)(2)(a).
[2] Notably, Detlor advances this argument throughout various portions of her first and fourth assignments of error rather than articulating her contention in a separate and independent section of her brief.
[3] A trial court may sentence an offender convicted of reckless homicide to a term of imprisonment ranging from one to five years. R.C. 2929.14(A)(3). Similarly, a trial court may sentence an offender convicted of abusing a corpse to a term of imprisonment ranging from six to twelve months. R.C.2929.14(A)(5).
[4] Despite this contention, Detlor does not allege the trial court failed to make the necessary findings under R.C. 2929.14(B) to deviate from the minimum terms of imprisonment. Nonetheless, we note the trial court complied with R.C. 2929.14(B)(2) when it specifically found "the shortest prison terms would not adequately protect the public" from Detlor "or others similarly situated."