OPINION *Page 2 
Defendant-Appellant Amy L. Detlor ("Detlor") appeals from the August 2, 2006 Journal Entry of the Court of Common Pleas, Union County, Ohio sentencing her to six months in prison for her conviction of Endangering Children, a misdemeanor of the first degree in violation of R.C. 2919.22(A), five years in prison for her conviction of Reckless Homicide, a felony of the third degree in violation of R.C. 2903.041(A), and 12 months in prison for her conviction of Gross Abuse of a Corpse, a felony of the fifth degree in violation of R.C. 2927.01(B).
On July 1, 2003 Detlor gave birth to a baby boy at her grandmother's home in Columbus, Ohio. Detlor immediately cleared the baby's airway, washed him, wrapped him in a towel and placed him in the passenger seat of her automobile. She then drove to her parents' house in Milford Center, Ohio which she knew to be unoccupied at the time. On the way to her parents' house, Detlor stopped at a fast-food restaurant and proceeded through the drive through, covering the baby's face with a portion of the towel. When she arrived at her parents' house, Detlor removed the towel from the baby's face and realized he had stopped breathing.
Detlor subsequently drove to the Milford Center Prairie Reserve where she placed the baby in a garbage bag, carried the bag into the reserve and dropped the bag from a railroad trestle into the woods below. Detlor then returned to her parents' house and took a nap. *Page 3 
Later that afternoon Detlor called 911 complaining that she had lost a lot of blood. Shortly thereafter, emergency personnel arrived and transferred Detlor to the hospital. Although Detlor initially lied to her family, emergency personnel and the police about the facts of this matter, she eventually informed them as to what had occurred and the location of the baby's remains.
On December 19, 2003 the Union County Grand Jury indicted Detlor on one count of Involuntary Manslaughter, a felony of the first degree in violation of R.C. 2903.04(A); one count of Endangering Children, a felony of the third degree in violation of R.C. 2919.22(E)(2)(c); one count of Reckless Homicide, a felony of the third degree in violation of R.C. 2903.041(A); and one count of Gross Abuse of a Corpse, a felony of the fifth degree in violation of R.C. 2927.01(B).
At her arraignment on January 6, 2004 Detlor entered a plea of not guilty to each charge contained in the indictment. This matter proceeded to a jury trial commencing May 24, 2004. On May 26, 2004 the jury returned a verdict finding Detlor guilty of the charges of Reckless Homicide and Gross Abuse of a Corpse, and a lesser charge of Endangering Children.[1] The jury rendered a verdict of not guilty on the charge of Involuntary Manslaughter. *Page 4 
The trial court conducted Detlor's sentencing hearing on June 21, 2004 and sentenced her to six months in prison for her conviction of Endangering Children, five years in prison for her conviction of Reckless Homicide and 12 months in prison for her conviction of Gross Abuse of a Corpse. The trial court further ordered that the three sentences be served concurrently.
Detlor filed a direct appeal of her sentence, alleging in part that the record did not support the imposition of a maximum sentence for the charges of Reckless Homicide and Gross Abuse of a Corpse and that the maximum sentence of the court was contrary to the findings ofBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403 and therefore violated her constitutional rights. See State v.Detlor 3rd Dist. No. 14-04-29, 2005-Ohio-6695. This court overruled all of Detlor's assignments of error and affirmed the June 21, 2004 sentence of the trial court. Id. However, upon Detlor's filing of a memorandum in support of jurisdiction with the Ohio Supreme Court and the Ohio Supreme Court's subsequent opinion of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, this matter was remanded to the trial court for re-sentencing consistent with the holding in Foster.
The trial court conducted Detlor's re-sentencing hearing on August 2, 2006 and sentenced Detlor to six months in prison for her conviction of Endangering Children, a misdemeanor of the first degree; five years in prison for her conviction of Reckless Homicide, a felony of the third degree; and 12 months in prison for *Page 5 
her conviction of Gross Abuse of a Corpse, a felony of the fifth degree. The trial court ordered these sentences to be served concurrently, for a total prison term of five years. Thus, the trial court re-imposed the exact same sentence from Detlor's original sentencing. However, the trial court granted Detlor prior jail time credit of two days and prison time credit of 771 days.
Detlor now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT SENTENCED MS. DETLOR TO SERVE MAXIMUM PRISON TERMS FOR HER CONVICTIONS OF THIRD AND FIFTH DEGREE FELONIES, AS THOSE PRISON TERMS CONTRAVENED THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
In her sole assignment of error, Detlor alleges that the trial court erred in sentencing her to maximum prison terms for her third degree felony conviction of Reckless Homicide and fifth degree felony conviction of Gross Abuse of a Corpse as this sentence violates herSixth Amendment right to a jury trial.
The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework were unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender, and R.C. 2929.14(C) which requires judicial *Page 6 
fact-finding for maximum prison terms. Foster, 2006-Ohio-856 at ¶ 97, 103. Regarding new sentences and re-sentences, the Supreme Court of Ohio stated, "we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856
at ¶ 100.
As this court is required to follow precedent, as set forth by the Supreme Court of Ohio and the United States Supreme Court, we find no error in the trial court's decision to re-sentence Detlor to a prison term of 5 years. Detlor was found guilty by a jury on one misdemeanor count and two felony counts: one a felony of the third degree and one a felony of the fifth degree.
Pursuant to R.C. 2929.14(A),
 . . . [i]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:
 * * *
 (3) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.
 * * *
 (5) For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months.
Accordingly, Detlor could have been sentenced to prison terms of as little as one year and six months for her felony convictions, or the maximum prison terms of five years and 12 months for her felony convictions. In this case, the trial *Page 7 
court sentenced Detlor to prison terms of five years and 12 months, respectively, to be served concurrently.
Finally, for the reasons articulated in State v. McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find no merit in Detlor's argument that her sentence violates the Due Process Clauses. Detlor was found guilty on May 26, 2004 and was sentenced to her prison term on June 21, 2004. She filed a notice of appeal with this court in which we affirmed the June 21, 2004 sentence. Then, Detlor appealed her case to the Supreme Court of Ohio. The Supreme Court of Ohio announced its decision inFoster on February 27, 2006 and this case was remanded for re-sentencing in accordance with Foster. On August 2, 2006 the trial court re-sentenced Detlor to an identical prison sentence as in her original sentence. We note, as to this case, that the offense occurred subsequent to the United State's Supreme Court's holding in Apprendi v. NewJersey (2000), 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, which provided notice that a major shift in sentencing was likely to occur and supports our conclusion in McGhee that the remedy announced inFoster does not violate due process. Likewise, the sentencing range for her felonies has remained unchanged, so Detlor had notice of the potential sentence for her offenses.
Furthermore, the Ohio State Public Defender attempted to appeal the unanimous Foster decision to the United States Supreme Court. On October 16, *Page 8 
2006 the United States Supreme Court denied the Petition for Writ of Certiorari. Foster v. Ohio (2006), 127 S.Ct. 442, 166 L.Ed.2d 314.
Accordingly, Detlor's sole assignment of error is overruled and the August 2, 2006 Journal Entry of Sentence of the Union County Court of Common pleas, sentencing Detlor to five years in prison, is affirmed.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur.
[1] The Revised Code classifies child endangerment as a felony of the third degree if the defendant's actions resulted in "serious physical harm to the child involved." R.C. 2919.22(E)(2)(c). The jury found Detlor guilty of child endangerment under R.C. 2919.22(A). However, the jury did not find that Detlor's actions resulted in "serious physical harm." Consequently, Detlor was convicted of a first degree misdemeanor, as opposed to a felony of the third degree. See R.C. 2919.22(E)(2)(a). See State v. Detlor 3rd Dist. No. 14-04-29, 2005-Ohio-6695. *Page 1